```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KENNETH TATUM,

                        Plaintiff,                    REPORT AND
                                                      RECOMMENDATION
            -against-                                 CV 23-1550 (GRB) (AYS)

DET. ROBERT DORR, DET. BRIAN STEVENS, P.O.
FRANCIS AMBROSIO, P.O. RYAN CONNORS, P.O.
KEVIN KUMPFBECK, AND ALFREDO E.
ALVARADO,

                        Defendants.
----------------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Pro se Plaintiff, Kenneth Tatum ("Plaintiff" or "Tatum"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants, alleging excessive force and illegal search in connection with his arrest on November 1, 2022. Named as Defendants are Detective Robert Dorr, Detective Brian Stevens, Police Officer Francis Ambrosio, Police Officer Ryan Connors, Police Officer Kevin Kumpfbeck, and Alfredo E. Alvarado (collectively, "Defendants.") Before the Court, on referral from the Honorable Gary R. Brown, is Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Proceeding pro se, Plaintiff has failed to submit any opposition to the motion. For the following reasons, this Court respectfully recommends that Defendants' motion be denied, without prejudice to renewal in accordance with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a pro se litigant unless: (1) the court apprises the pro se litigant of the consequences of failing to respond to the motion, see Ruotolo v. Internal Revenue Service, 28

1

F.3d 6, 8 (2d Cir. 1994); (2) an opposing party has already provided the pro se litigant with the requisite notice, see Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); or, (3) it is clear that the pro se litigant understands "the nature and consequences of summary judgment." M.B. #11072-054 v. Reish, 119 F.3d 230, 232 (2d Cir. 1997). To fulfill this requirement, the United States District Courts for the Southern and Eastern Districts of New York adopted Local Rule 56.2, which provides, in pertinent part:

> Any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice to Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant shall amend the form as necessary to reflect that fact.

Local R. 56.2

"The notice referred to in the rule advises the pro se litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." Covello v. Depository Tr. Co., 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002). In short, the "focus" of Local Rule 56.2 "is that the pro se litigant understands 'the consequences of failing to respond to a motion for summary judgment' and receives notice that 'he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" Id. (quoting Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621 (2d Cir. 1999)).

This requirement "should not be understood, however, to set down an unyielding rule prohibiting district courts from acting upon motions for summary judgment sought against pro se litigants in the absence of explanatory notice." Sawyer v. Am. Fed'n of Govt. Emp., AFL-CIO, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case remains whether from all of the circumstances, including the papers filed by the pro se litigant, it is reasonably apparent

that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." Id. Accordingly, the Second Circuit has recognized exceptions to this obligation when the moving party has provided the pro se litigant with the requisite notice through other means, see Artuz, 763 F.3d at 486, or when the pro se litigant responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of summary judgment and "the need to set forth all available evidence demonstrating a genuine dispute over material facts." Reish, 119 F.3d at 232; see also Sawyer, 180 F.3d at 34.

Here, the record demonstrates that Defendants failed to serve upon Plaintiff the required notice and statement under Local Rule 56.2. Although the motion papers electronically filed on the docket sheet contain what purports to be Rule 56.2 notice, (Docket Entry ("DE") [75-12]), it is nothing more than the full text of Federal Rule of Civil Procedure 56. Nothing in the document purported to have been served on the pro se Plaintiff advises him of the consequences of a summary judgment motion in plain language that a non-lawyer could understand. While the Court acknowledges that the document electronically filed by Defendants could have been a mistake, it cannot definitively reach such a conclusion because a Rule 56.2 notice was not included in the courtesy copy of the motion papers delivered to chambers. Accordingly, after reviewing the record before it, the Court concludes that it is unclear as to whether Plaintiff understood the nature of a summary judgment motion and his burden in responding to such a motion. This conclusion is made even more apparent by the fact that Plaintiff failed to file any opposition whatsoever to Defendants' motion.

Based on the foregoing, and out of an abundance of caution, the Court is constrained to recommend that Defendants' motion for summary judgment be denied, without prejudice to

3

renewal in compliance with both the Individual Rules of the assigned District Judge and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion for summary judgment be denied for failure to comply with Local Rule 56.2. Such denial should be without prejudice to renewal in compliance with both the Individual Rules of the assigned District Judge and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF. Defendants' counsel is directed to serve a copy of this Report and Recommendation on the pro se Plaintiff by overnight mail and first-class mail, and to file proof of service on the docket sheet, by November 10, 2025. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
November 6, 2025

/s/    Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge